K. STONE, *Appellant*, v. C. J. HUTCHINSON, *Appellee*.

Opinion Filed February 25, 1920.

Where a party defendant in a chancery cause is materially affected by the decree rendered and the complainant takes an appeal without making such defendant a party thereto, the appeal will be dismissed.

An Appeal from the Circuit Court for Hillsborough County, F. M. Robbs, Judge.

Appeal dismissed.

*H. S. Hampton* and *W. C. Bigger*, for Appellant;

*W. D. Sheffield*, for Appellee.

WHITFIELD, J.—K. Stone brought a bill of complaint against Currie J. Hutchinson, Harriet M. Hutchinson, his wife, and T. M. Jones, to enforce the lien of a mortgage upon real estate alleged to have been executed by Hutchinson and his wife, T. M. Jones being made a party defendant, claiming some unknown interest in the land subject to plaintiff's mortgage. In an order reciting that a decree *pro confesso* had been entered against the defendants, the court "decreed that said cause proceed henceforth ex parte." Testimony was taken before a special master and a final decree for the complainant was rendered November 28, 1917. On December 15, 1917, the defendant, Harriet M. Hutchinson, filed a petition, with exhibits, praying "the court to set aside the decree *pro confesso*, final decree and order of sale heretofore entered against her in said cause, and to be allowed to file her answer which is submitted herewith," etc. On this petition, after proceedings not material here, the court on January 2, 1918, rendered a decree in part that "It is hereby considered, adjudged and decreed, the court finding that said defendant was never legally served and had not had her day in court prior to the entering of the decree pro confesso, and that therefore the decree pro confesso entered in said cause was unauthorized, that the said decree pro confesso entered in said cause on the 5th day of November, A. D. 1917, and the final decree based thereon and entered on the 28th day of November, A. D. 1917, and the order of sale also made on said 28th day of November, A. D. 1917, in said cause be and the same is hereby vacated and set aside, and the request of said Harriet M. Hutchinson to be allowed to file the answer exhibited and submitted with her said motion in said cause is hereby

granted, and said foreclosure proceeding will proceed from the filing of said answer in due and regular course."

On January 7, 1918, the following entery of appeal was filed: "In the Circuit Court for Hillsborough County, Florida. In Chancery.

K. Stone,

     vs.

C. J. Hutchinson.

"Now comes the complainant in the foregoing cause, and hereby takes and enters his appeal from the order and decree of the judge of the above court granting the motion of the defendant, Harriet M. Hutchinson, to vacate the decree pro confesso and final decree in the above cause, said appeal being returnable to the Supreme Court of Florida, at Tallahassee, to the 18th day of February, A. D. 1918, a day more than thirty and less than ninety days from the date of said appeal."

This entry of appeal appears to have been recorded in the Chancery Order Book as required by the statute. The record of the entry of appeal gives "to the Supreme Court complete jurisdiction over the person of the appellee" and is "sufficient notice to the appellee of the taking of said appeal." Sec. 1911 Gen. Stats. 1906, Compiled Laws, 1914.

But this entry of appeal does not make Harriet M. Hutchinson a party thereto, and its record in the Chancery Order Book does not give this court jurisdiction of her person in this appeal proceeding. The order appealed from was in her favor on her petition and she is not made a party to the appeal taken from the order. Even if the entry of appeal may be regarded as sufficient to bring the subject-matter of the litigation within the appellate jurisdiction of this court, Harriet M. Hutchinson

was not made a party to this appeal by the appellant and she has not asked to be made a party thereto in this court.

As the rights of Harriet M. Hutchinson are materially involved in the appeal and as she has not been made a party thereto, the appeal is dismissed.

Browne, C. J. and Taylor, Ellis and West, J. J. concur.